STEPHEN J. SORENSON, Acting United States Attorney (#3049)
JARED C. BENNETT, Assistant United States Attorney (#9097)
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682
Attorneys for the United States of America

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:06CV316 DB |
| Petitioner, | : | **REPORT AND RECOMMENDATION** |
| v. | : | |
| PAUL K. CROMAR, | : | District Judge Dee Benson |
| | | Magistrate Judge David Nuffer |
| Respondent. | : | |

---

The United States of America filed a petition to enforce its November 14, 2005 IRS Summons ("the Summons") pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  Judge Benson issued an Order to Show Cause on April 20, 2006, which referred this matter to the undersigned under 28 U.S.C. § 636(b)(3) and directed the undersigned to hear the evidence and make a written recommendation to the District Court for proper disposition.  *See United States v. Jones*, 581 F.2d 816, 817 (10th Cir. 1978) (referring IRS summons enforcement to magistrate judge under 28 U.S.C. § 636(b)(3)).

The Order to Show Cause ("OTSC") directed Respondent to file a written response supported by sworn affidavits to the United States' Petition to Enforce the Summons ("the Petition") within ten days of the OTSC being served upon him.  The OTSC informed Respondent that only those issues

raised in the written response and supported by sworn affidavits would be considered by the Court and that all allegations in the Petition not contested by the written response and sworn statements would be deemed admitted.  See *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985).  The OTSC also directed the undersigned to convene a hearing on June 13, 2006 at 10:00 a.m. to hear any arguments that would assist the undersigned in determining whether Respondent had shown cause.

On May 18, 2006, Respondent submitted three documents entitled Motion to Quash, Response of Cromar, and Jurisdictional Statement of Cromar, in which he set forth the reasons that the tax laws of the United States did not apply to him.  Specifically, Respondent asserted, among other things that: (1) the authority of the United States is confined to the District of Columbia and territories of the United States, (Motion to Quash, pp. 1-2; Jurisdictional Statement, pp. 1-2); (2) he is not a "person" subject to taxation under the Internal Revenue code, (Motion to Quash, p. 3) ; (3) wages are not income, (Motion to Quash, pp. 3-4); and (4) no statutory authority exists to impose an income tax on "individuals," (Motion to Quash, p. 6; Jurisdictional Statement, p. 2).

On May 26, 2006, Respondent filed a Request for extension of time, wherein he sought to postpone the June 13, 2006 hearing on the OTSC sometime after September 16, 2006.  Respondent asserted that this extension was necessary to accommodate his busy work schedule outside of the United States.  Given that the parties in this case have filed documents setting forth their respective legal positions, I strike the June 13, 2006 hearing on the OTSC and rule on the filings before me.

Based on the arguments and representations presented in the United States' Petition to Enforce Internal Revenue Summons; the Respondent's Motion to Quash, Response of Cromar, and

Jurisdictional Statement; and the United States' response to Respondent's filings, the undersigned reports the following:

1.      Respondent failed to show cause as to why he should not be compelled to comply with the Summons. Respondent's documents did not attempt to factually refute the allegations contained in the United States' Petition to Enforce Internal Revenue Summons (Docket No. 1), and provided only legal arguments that the Court of Appeals for Tenth Circuit has rejected as patently frivolous. *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). Accordingly, Respondent failed to meet his burden to show cause why he should not be compelled to comply with the Summons. *See Balanced Fin. Mgmt.*, 769 F.2d at 1444 ("In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice." (quotations and citations omitted)).

Consequently, the undersigned recommends that:

1.      The District Court find that Respondent has failed to show cause why he should not be compelled to comply with the Summons;

2.      The District Court order Respondent to provide the documents requested by the Summons to the IRS on or before the twentieth day from the date of the District Court's order adopting this Report and Recommendation.

Within 10 days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a <u>de novo</u> determination upon the record of

any portion of the undersigned's disposition to which specific written objection has been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

  DATED this 30thday of May 2006.

            BY THE COURT:

            _____
            David Nuffer, Magistrate Judge
            United States District Court